08-15-00147-CR

**Order entered March 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00261-CR

**ROBERTO PALACIOS-SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-12347-Q**

## ORDER

By letter dated March 13, 2015, the Court notified the parties that it has a question concerning its jurisdiction over this appeal. Specifically, the Court noted that the documents received from the Dallas County District Clerk reflect appellant pleaded guilty and received deferred adjudication pursuant to a plea agreement. The trial court certified that case involves a plea bargain and appellant has no right to appeal. *See* Tex. R. App. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Both appellant and the State responded that there are no plea papers or other documentation to show the case involved a plea bargain agreement and there are some discrepancies in the signatures on some of the documents. Appellant also responds that the trial court allowed appellant to be released on an appeal bond and set conditions of that bond, appointed counsel for appeal, and ordered the court reporter to

prepare the record. The parties agree that this Court should obtain findings regarding the existence of a plea agreement, and the State also requests findings as to the signatures on the documents and whether the Dallas County District Clerk has copies of all documents relevant to the case. We agree that in order to properly determine our jurisdiction over the appeal, we require information not in the record before us.

Accordingly, we **ORDER** the trial court to make findings regarding the following.

- Whether appellant pleaded guilty to the offense for which he received deferred adjudication community supervision pursuant to a plea bargain agreement.

- If appellant pleaded guilty pursuant to an agreement, whether there is a written document, signed by all parties, memorializing the terms of the agreement.

- If appellant pleaded guilty pursuant to a plea agreement, whether he reserved the right to appeal any written motions ruled on before trial or whether the trial court granted permission to appeal.

- Whether the record maintained by the Dallas County District Clerk is complete, and, if not, the trial court shall determine what are true and correct copies of any missing documents pursuant to Texas Rule of Appellate Procedure 34.5(e).

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that the supplemental record contain a new certification of appellant's right to appeal that accurately reflects the trial court proceedings as evidenced in the trial court's findings.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     ADA BROWN
          JUSTICE